UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOVEREIGN BANK,<br><br>*Plaintiff*,<br>v.<br>REMI CAPITAL, INC. AND ERIK A. KAISER<br><br>*Defendants*. | Civil Action No:<br>09-cv-01580 (PGS)(LHG)<br><br>**MEMORANDUM<br>AND<br>ORDER** |

This matter comes before the court on Remi Capital, Inc. and Erik A. Kaiser's (collectively "Defendants") motion to declare the consent judgment satisfied pursuant to Fed. R. Civ. P. 60(b)(5) and L. Civ. R. 79.3, or in the alternative, to declare the consent judgment partially satisfied, to compel Plaintiff to produce documents reflecting all payments by any defendants and reflecting the assignment of mortgages by Defendant Remi Capital, Inc., and to calculate any amount that remains due under the consent judgment. In response, Plaintiffs argue that the consent judgment has not been satisfied.

The parties entered into a consent judgment on September 1, 2010, date for $1,560,430.24. (Consent Judgment, ECF No. 52). The Consent Judgment is silent on any applicable interest rate. (*See Id.* "It is on this 1st day of September 2010 ORDERED that judgment is entered jointly and severally against Defendants in the amount of $1,560,430.24"). Currently, the parties agree that the gross amount collected on the consent judgment is $1,526,891.67. (*See* Cert. of Eisman, ECF No. 76, at ¶¶ 8-9). Of that amount, Plaintiff Sovereign Bank, through its assignee and successor in interest Jenzack Partners, LLC, contends that only $1,446,721.92 of the net payment has been applied to

1

the consent judgment. Plaintiff argues that $80,169.75 must be deducted from the amount collected to reimburse Plaintiff for expenses it advanced in connection with the Receiver's Sale. (*Id.* at ¶¶ 11-14). Specifically, Plaintiff argues that after a receiver was appointed to, among other things, sell Defendant Kaiser's Manhattan condominium, Jenzack advanced $80,169.75 for expenses incurred by the Receiver in connection with the Receiver's Sale. (*Id.* at ¶¶ 10-12).

Plaintiff further contends that Defendants owe an additional $937,845.37, based on post-judgment interest that has accrued at the rate of prime plus 6%, pursuant to the language of the contracts underlying this case. (*Id.* at ¶ 15). Plaintiff points to language in the Guaranty and Promissory note underlying this action, which each state that the interest rate to be applied to any judgment shall be six percent (6%). (*See* Guaranty and Promissory Note, ECF Nos. 76-2, 76-3).

In response, Defendants argue that Kaiser has made payments totaling $807,554.33 and Co-Defendant REMI has paid at least $719,337.34, totaling $1,526,891.67. (Cert. Of Fiorenzo, ECF No. 56, Ex. D). Defendants further contend that the $80,169.75 should be credited against the Judgment, so that the total owed on the judgment is $1,526,891.67, and not $1,446,721.92. Defendants also argue that, at the time of the Pretrial Conference, the parties contemplated the sale of a residential mortgage (the "Keller Loan") that, if completed, would further reduce the amount remaining on the Consent Judgment. Finally, Defendants argue that the judgment is subject to the Federal Statutory Post-Judgment Interest Rate, and not the purported 6% rate pursuant to the underlying contracts.

For the reasons set forth below, this court finds the Federal Statutory Post-Judgment Interest Rate applies, and that Defendants may conduct discovery upon Plaintiff Sovereign

Bank to determine the status of any payments made by REMI, including the status of the sale of the Keller Loan.

## Standard of Law

Federal Rule of Civil Procedure 60 (b)(5) allows district courts to "relieve a party . . . from a final judgment, order, or proceeding . . . [when] the judgment has been satisfied." Under this rule, district courts may mark judgments as partially satisfied. *Savitsky v. Mazzella*, 318 F. App'x 131, 133 (3d Cir. 2009) (citing *BUC Intern. Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1274-75 (11th Cir. 2008)); *see also Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan v. McLaughlin*, No. 12-4322, 2017 U.S. Dist. LEXIS 211027, at *8 (D.N.J. Dec. 20, 2017).

I. **The Federal Statutory Post-Judgment Interest Rate Applies.**

The consent judgment itself is silent as to post-judgment interest rate. However, Plaintiffs interpret this silence to mean the underlying contracts' 6% interest rate applies. In response, Defendants argue that pursuant to 28 U.S.C. § 1961, the Federal Statutory Post-Judgment interest rate applies:

> interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment . . . Interest shall be computed daily to the date of payment . . . and shall be compounded annually.

Accordingly, Defendants argue that the applicable interest rate, fixed by the Federal Reserve Bank, is 0.26%. (*See* Fiorenzo Cert. Ex. U (ECF No. 56-2, page 176)). Further, Defendants argue the doctrine that obligations of contract merge into a judgment applies: "When the plaintiff recovers a valid and final personal judgment, his original claim is

3

extinguished and rights upon the judgment are substituted for it. The plaintiff's original claim is said to be 'merged' in the judgment." *Stendardo v. Fed. Nat'l Mortg. Ass'n*, 991 F.2d 1089, 1099 (3d Cir. 1993) (quoting Restatement (Second) of Judgments § 18 cmt. a (1982)).

To support its argument that the Federal Statutory Post-Judgment Interest Rate does not apply, plaintiff cites *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004), where the court determined that "parties may by contract set a post-judgment rate at which interest shall be payable." *Westinghouse Credit Corp.*, 371 F.3d at 101. However, the court also explained that "[m]ost fundamentally, such contracts must actually indicate the parties' intent to deviate from § 1961 . . . If parties want to override the general rule on merger and specify a post-judgment interest rate, they must express such intent through 'clear, unambiguous and unequivocal' language." *Id.* at 102. Plaintiff also cite *Resolution Trust Corp. v. Kolea,* No. 90-6287, U.S. Dist. LEXIS 10653 (E.D.Pa July 25, 1995) to support their contention that "parties are free to stipulate a different [post-judgment interest] rate, consistent with state usery and other applicable laws." However, the court explained "[t]he calculation of interest on the judgment . . . is instead controlled by the provisions made by the parties and approved by [the district judge]" and not a contract previously entered into by the parties. *Id.*

At present, there is no "clear, unambiguous and unequivocal" language in the consent judgment that indicated the parties intent to deviate from § 1961. At the time the consent judgment was entered, Plaintiff did not request that the interest rate applicable to the consent judgment be set at 6% pursuant to any underlying contract. On its face, it is clear from the consent judgment that the parties did not intend to deviate from § 1961.

Further, any original claims plaintiffs may have had merged into the consent judgment. For these reasons, the Federal Statutory Post-Judgment Interest Rate Applies, applicable interest rate, fixed by the Federal Reserve Bank, is 0.26%.

II. **Defendants May Conduct Discovery Upon Plaintiff Sovereign Bank to Determine the Status of the Keller Loan and to Determine the Remaining Amount Owed under the Consent Judgment.**

Both Plaintiff and Defendants concede that Plaintiff has received $1,526,891.67 as payment towards the consent judgment. However, Plaintiff and Defendants disagree on the total amount still owed towards the consent judgment, as Plaintiff contends it must deduct $80,169.75 as expenses owed to it from the receiver action. Thus, plaintiff calculates the amount owed on the judgment as $1,446,721.92. Defendants do not dispute the $80,169.75, but instead contend that this payment should be accounted towards satisfaction of the consent judgment. Moreover, Defendants point to the potential sale of the Keller Loan, which, if occurred, would reduce the remaining amount due on the Consent Judgment.

Regarding the $80,169.75 advance, it is clear from the Sale Order of the Receiver Action that Jenzack advanced at least some money for expenses incurred by the Receiver in connection with the Receiver's Sale, and the Sale Order required the receiver's expenses in connection with the sale, including the expenses advanced by Jenzack, to be paid from the sale proceeds before the sale proceeds could be applied toward satisfaction of the Consent Judgment. (Sale Order, ECF No. 56-2, Ex. E). Thereafter, of the $1,034,706.93 received from the Receiver Sale, Jenzack applied $954,537.18 towards satisfaction of the Consent Judgment, after deducting $80,169.75, the amount advanced. Accordingly,

5

pursuant to the Sale Order, the $80,169.75 payment for expenses advanced is not to be applied towards satisfaction of the consent judgment.

Regarding the Keller Loan, in plaintiffs February 22, 2018 submission, it noted that at the time of the Final Pretrial Conference there was a contemplated sale of a residential mortgage called the "Keller Loan" in the amount of $275,000. (ECF No. 82). Defendants contend that, if this sale was completed, the sale would reduce the judgment. Accordingly, Defendants may serve discovery upon Plaintiff Sovereign Bank to determine the status of the Keller Loan, and to determine what other, if any, payments Defendant REMI made towards the Consent Judgment.

Accordingly, because it is unclear to the Court at this time the amount paid towards the Consent Judgment, this Court cannot determine the amount remaining due under the Consent Judgment. For these reasons, Defendants motion to declare the judgment satisfied is denied.

## ORDER

IT IS on this 24 day of September, 2018,

ORDERED that the applicable interest rate is the Federal Statutory Post-Judgment Interest Rate, fixed by the Federal Reserve Bank, at 0.26%;

ORDERED that Defendants may serve Discovery on Plaintiff Sovereign Bank to determine the status of the Keller Loan and any other payments Defendant REMI made toward the Consent Judgment;

ORDERED Defendants Motion to Declare the Judgment has been satisfied is denied, as at this time, this Court cannot determine the amount remaining due under the Consent Judgment, including the interest owed on the consent judgment, until the remaining discovery issues are resolved.

                                                  PETER G. SHERIDAN, U.S.D.J.